## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA DUDLEY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-523** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **SCI CAMP HILL (PRISON),** *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

Presently before the Court is *pro se* Plaintiff Joshua Dudley ("Plaintiff")'s second amended complaint (Doc. No. 13) and motion to compel (Doc. No. 12). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the amended complaint. For the following reasons, the Court will dismiss Plaintiff's second amended complaint for failure to state a claim upon which relief may be granted, deny his motion to compel, and grant Plaintiff one final opportunity to amend.

## I.    BACKGROUND

On April 2, 2020, Plaintiff, who is currently incarcerated at the State Correctional Institution Quehanna Boot Camp ("SCI Quehanna") in Karthaus, Pennsylvania, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against SCI Camp Hill (Prison) and SCI Camp Hill Staff, raising

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

claims regarding various conditions of confinement during his incarceration there. (Doc. No. 1.)  Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.)   On April 16, 2020, Plaintiff filed an amended complaint, naming Laurel Harry ("Harry"), John Horner ("Horner"), James Simms ("Simms"), Shawn Kephart ("Kephart"), Keith Carberry ("Carberry"), Tonya Heist ("Heist"), Deb Alvord ("Alvord"), Renee Zobitne ("Zobintne"), Martin Kazar ("Kazar"), Trevor Hardy ("Hardy"), and Marc Houses ("Houses") as Defendants.  (Doc. No. 7.)

In a Memorandum and Order dated April 16, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis*, deemed the amended complaint to be the operative pleading, and dismissed the amended complaint for failure to state a claim upon which relief may be granted.  (Doc. Nos. 10, 11.)  The Court noted that Plaintiff could not maintain his claims against SCI Camp Hill (Prison) and SCI Camp Hill Staff because SCI Camp Hill is not a person subject to suit under § 1983 and because the reference "to 'SCI Camp Hill Staff' is insufficient to impose liability on the entire staff at SCI Camp Hill for purposes of § 1983."  (Doc. No. 10 at 7.)  The Court concluded further that Plaintiff had "not adequate pled facts regarding how the individual Defendants were personally involved in the alleged violations of his constitutional rights" because his use of collective words such as "they" and "them" "fail[ed] to adequately plead which specific Defendant engaged in the specific

2

conduct alleged by Plaintiff." (*Id.* at 11.)  The Court granted Plaintiff leave to file a second amended complaint within thirty (30) days.  (Doc. No. 11.)

The Court received Plaintiff's second amended complaint on May 5, 2020. (Doc. No. 13.)  Plaintiff names SCI Camp Hill Prison as the sole Defendant.  (*Id.* at 1-2.)  He alleges that his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated because he was kept in "unhealthy [conditions]" on A-block while incarcerated at SCI Camp Hill.  (*Id.* at 3.)  He claims that SCI Camp Hill has a bad ventilation system, "cells smelling like feces and urine," and toilets that do not work all the time.  (*Id.* at 4.)  Plaintiff avers that he is "taking Camp Hill to court," not the "higher-ups" that he named in his amended complaint.  (*Id.*)  He vaguely mentions that corrections officers "use[d his] food as punishment [and] mess[ed] with [his] mail."  (*Id.*)

Plaintiff claims further that on November 14, 2019, he woke up with bed bug bites "all over" his body.  (*Id.*)  He asked a corrections officer if he could move to another cell and to see medical but was denied.  (*Id.*)  Plaintiff avers that he wrote a grievance about the denial and that he was not fed the next day because he had written a grievance.  (*Id.*)  He goes on to mention the lack of heat, exposure to other's bodily waste, infestations of bed bugs and mice, and flooded toilets that he experienced while incarcerated at SCI Camp Hill.  (*Id.* at 5.)  As relief, Plaintiff asks

that the Court investigate SCI Camp Hill.  (*Id.*)  He also seeks $5 million in damages. (*Id.*)

## II.    LEGAL STANDARD

### A.    Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  *See* 28 U.S.C. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions.  *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact.  *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490

U.S. 319, 327-28 (1989)).  When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light

most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

**B.     Claims Filed Pursuant to 42 U.S.C. § 1983**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Moreover, for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. *See Rode v. Dellarciprete*, 845 F.2d 1195,

1207 (3d Cir. 1988); *Solan v. Ranck*, 326 F. App'x 97, 100 (3d Cir. 2009).

Therefore, supervisors cannot be liable under § 1983 on the traditional standard

of *respondeat superior*.   *See Santiago*, 629 F.3d at 128.   Instead, there are two

theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor

may be personally liable under § 1983 if he or she participated in violating the

plaintiff's rights, directed others to violate them, or, as the person in charge, had

knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers

may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate

indifference to the consequences, established and maintained a policy, practice or

custom which directly caused [the] constitutional harm.'"  *See A.M. ex rel. J.M.K. v.

Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

## III.   DISCUSSION

### A.   Plaintiff's Second Amended Complaint

Plaintiff's second amended complaint fails to cure the deficiencies the Court

identified in his amended complaint.  The Court has construed Plaintiff's complaint

as raising a First Amendment retaliation claim based upon the denial of food after

he filed a grievance and Eighth Amendment claims regarding the conditions of

confinement he endured while incarcerated at SCI Camp Hill.  Although Plaintiff

also alleges that his Fourth, Fifth, and Fourteenth Amendment rights were violated,

he does not explain, and the Court does not discern, how those rights are implicated.

As noted above, Plaintiff names SCI Camp Hill Prison as the sole Defendant in his second amended complaint.   However, as the Court previously informed Plaintiff, SCI Camp Hill is not a "person" subject to suit under § 1983.  *See Smith v. SCI Muncy*, No. 4:20-cv-264, 2020 WL 1151458, at *2 & n.21 (M.D. Pa. Mar. 10, 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Foye v. Wexford Health Sources, Inc.*, 675 F. App'x 210 (3d Cir. 2017)).   The Court, therefore, cannot proceed on Plaintiff's amended complaint as pled.   If Plaintiff wishes to proceed on his constitutional claims, he must identify those individuals who were personally involved in the act or acts that he claims violated his rights.  *See Rode*, 845 F.2d at 1207; *Solan*, 326 F. App'x at 100.   Accordingly, the Court will dismiss Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted.

### B.     Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).   The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).  Here, while it would be futile to permit Plaintiff to amend his claims against SCI Camp Hill Prison, it is neither clear that it would be futile or inequitable to permit Plaintiff one final opportunity to name the individuals who were personally involved in the act or acts that he claims violated his rights. Accordingly, Plaintiff will be granted leave to file a third amended complaint with respect to his constitutional claims as set forth against individuals at SCI Camp Hill.

### C.    Motion to Compel

In his motion to compel, Plaintiff requests that the Court "compel Defendants to respond to a properly served discovery request." (Doc. No. 12 at 2.)  He appears to seek video footage as well as pictures.  (*Id.*)  As noted above, however, Plaintiff has not named a proper Defendant, and this case has not proceeded to discovery. Accordingly, Plaintiff's motion to compel (Doc. No. 12) will be denied without prejudice as premature at this time.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's second amended complaint (Doc. No. 13) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   Plaintiff will be given one final opportunity to file a third amended complaint with respect to his constitutional claims as set forth against individuals at SCI Camp Hill.   Plaintiff's motion to compel (Doc. No. 12) will be denied without prejudice as premature.   An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: May 7, 2020